USCA11 Case: 17-11009    Document: 161    Date Filed: 04/24/2019    Page: 1 of 24

No. 17-11009-U

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

**MARNIKA LEWIS, et al.,**
*Plaintiffs-Appellants,*
v.
**STATE OF ALABAMA, et al.,**
*Defendants-Appellees.*

## APPEAL FROM

**THE NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION**
**Case No. 2:16-cv-690-RDP (Hon. R. David Proctor)**

---

## EN BANC BRIEF OF DEFENDANTS-APPELLEES
## CITY OF BIRMINGHAM AND MAYOR WILLIAM A. BELL, SR.

---

**For the Defendants-Appellees:**    Fredric L. Fullerton, II
Assistant City Attorney
City of Birmingham
710 N. 20TH Street, Room 600
Birmingham, Alabama 35203
(205) 254-2369
Fredric.Fullerton@birminghamal.gov

Kayla S. Lawrence
Assistant City Attorney
City of Birmingham
710 N. 20TH Street, Room 600
Birmingham, Alabama 35203
(205) 254-2369
Kayla.Lawrence@birminghamal.gov

# DEFENDANTS - APPELLEES' CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Civil Procedure 26.1, Defendants -Appellees City of Birmingham and William A. Bell, Sr. hereby state that no Defendants - Appellees has any parent corporation or issues shares to the public. Pursuant to Eleventh Circuit Rules 26.1-1 and 28-1(b), Defendants - Appellees hereby certify that, to the best of their knowledge, the following individuals and entities have an interest in the outcome of this appeal:

1. Adams, Antoin – Plaintiff-Appellant.

2. Alabama Legislative Black Caucus – Plaintiff-Appellant.

3. Alabama State Conference of the National Association for the Advancement of Colored People – Plaintiff-Appellant.

4. Alexander, Louise – Member of the Alabama Legislative Black Caucus.

5. Bandy, George – Member of the Alabama Legislative Black Caucus.

6. Bell, Sr. William A. – Mayor of Birmingham, AL, Defendant-Appellee.1

7. Blacksher, James U. – Counsel for Plaintiffs-Appellants Alabama Legislative Black Caucus and members thereof.

8. Boyd, Barbara – Member of the Alabama Legislative Black Caucus.

9. Bracy, Napoleon – Member of the Alabama Legislative Black Caucus.

10. Brasher, Andrew Lynn – Counsel for Defendants-Appellees the State of Alabama and Attorney General Steve Marshall.

---

1 As of November Nov. 28, 2017, Mayor Bell is no longer the Mayor of the City of Birmingham.

11. Brown, Eric P. – Counsel for Plaintiffs-Appellants Marnika Lewis, Antoin Adams, NAACP Alabama State Conference, and Greater Birmingham Ministries.

12. Buskey, James – Member of the Alabama Legislative Black Caucus.

13. Carlson, Mary Joyce – Counsel for Plaintiffs-Appellants Marnika Lewis, Antoin Adams, NAACP Alabama State Conference, and Greater Birmingham Ministries.

14. Chisholm, Barbara J. – Counsel for Plaintiffs-Appellants Marnika Lewis, Antoin Adams, NAACP Alabama State Conference, and Greater Birmingham Ministries.

15. City of Birmingham, Alabama – Defendant-Appellee.

16. Clarke, Adline – Member of the Alabama Legislative Black Caucus.

17. Clemon, U.W. – Counsel for Plaintiffs-Appellants Alabama Legislative Black Caucus and members thereof.

18. Coleman, Linda – Member of the Alabama Legislative Black Caucus.

19. Dunn, Priscilla – Member of the Alabama Legislative Black Caucus.

20. Coleman-Evans, Merika – Member of the Alabama Legislative Black Caucus.

21. Connor, Glen M. – Counsel for Plaintiffs-Appellants Marnika Lewis, Antoin Adams, NAACP Alabama State Conference, and Greater Birmingham Ministries.

22. Daniels, Anthony – Member of the Alabama Legislative Black Caucus.

23. Davies, George N. – Counsel for Plaintiffs-Appellants Marnika Lewis, Antoin Adams, NAACP Alabama State Conference, and Greater Birmingham Ministries.

24. Davis, James W. – Counsel for Defendants-Appellees the State of Alabama and Attorney General Steve Marshall.

25. Drummond, Barbara – Member of the Alabama Legislative Black Caucus.

26. England, Chris – Member of the Alabama Legislative Black Caucus.

ii

27. Figures, Vivian – Member of the Alabama Legislative Black Caucus.

28. Forte, Berry – Member of the Alabama Legislative Black Caucus.

29. Fullerton, II, Fredric L. – Counsel for Defendants-Appellees the City of Birmingham and Mayor William A. Bell.

30. Givan, Juandalynn – Member of the Alabama Legislative Black Caucus.

31. Greater Birmingham Ministries – Plaintiff-Appellant.

32. Grimsley, Dexter – Member of the Alabama Legislative Black Caucus.

33. Hall, Laura – Member of the Alabama Legislative Black Caucus.

34. Hollis, Rolanda – Member of the Alabama Legislative Black Caucus.

35. Holmes, Alvin – Member of the Alabama Legislative Black Caucus.

36. Howard, Ralph – Member of the Alabama Legislative Black Caucus.

37. Jackson, Thomas – Member of the Alabama Legislative Black Caucus.

38. Knight, Jr., John – Member of the Alabama Legislative Black Caucus.

39. Lawrence, Kayla S. – Counsel for Defendants -Appellees the City of Birmingham and Mayor William A. Bell.

40. Lawrence, Kelvin – Member of the Alabama Legislative Black

41. Lewis, Marnika – Plaintiff-Appellant.

42. Marshall, Steve – Attorney General of Alabama, Defendant-Appellee.

43. McCampbell, A.J. – Member of the Alabama Legislative Black Caucus.

44. McClammy, Thad – Member of the Alabama Legislative Black Caucus.

45. Moore, Mary – Member of the Alabama Legislative Black Caucus.

iii

46. Parker, William Glenn – Counsel for Defendants-Appellees the State of Alabama and Attorney General Steve Marshall.

47. Rogers, John – Member of the Alabama Legislative Black Caucus.

48. Ross, Quinton – Member of the Alabama Legislative Black Caucus.

49. Rouco, Richard P. – Counsel for Plaintiffs-Appellants Marnika Lewis, Antoin Adams, NAACP Alabama State Conference, and Greater Birmingham Ministries.

50. Sanders, Hank – Member of the Alabama Legislative Black Caucus.

51. Scott, Rod – Member of the Alabama Legislative Black Caucus.

52. Singleton, Bobby – Member of the Alabama Legislative Black Caucus.

53. Smitherman, Rodger – Member of the Alabama Legislative Black Caucus.

54. State of Alabama – Defendant-Appellee.

55. Still, Edward – Counsel for Plaintiffs-Appellants Alabama Legislative Black Caucus and members thereof.

56. Stroup, Robert H. – Counsel for Plaintiffs-Appellants Marnika Lewis, Antoin Adams, NAACP Alabama State Conference, and Greater Birmingham Ministries.

57. Warren, Pebblin – Member of the Alabama Legislative Black Caucus.

58. Whatley, Joe R. – Counsel for Plaintiffs-Appellants Marnika Lewis, Antoin Adams, NAACP Alabama State Conference, and Greater Birmingham Ministries.

Fredric L. Fullerton, II
Assistant City Attorney

iv

USCA11 Case: 17-11009    Document: 161    Date Filed: 04/24/2019    Page: 6 of 24

## Statement Regarding Oral Argument

The Court has already ordered oral argument

## Certificate of Type Size and Style

Pursuant to Eleventh Circuit Rule 28.1(d) the following is the type and style used in this brief:

Times New Roman 14 pt.

v

# TABLE OF RECORD REFERENCES IN THE BRIEF

<u>Brief Page No.</u>                                                      <u>Docket No.</u>

*None*

USCA11 Case: 17-11009     Document: 161     Date Filed: 04/24/2019     Page: 7 of 24

# Table of Contents

Certificate of Interested Persons and Corporate Disclosure Statement ..................... i

Statement Regarding Oral Argument ........................................................................ v

Certificate of Type Size and Style ........................................................................... v

Table of Records References in Brief ...................................................................... vi

Table of Contents ................................................................................................... vii

Table of Citations ................................................................................................... 1

Statement of Subject Matter and Appellant Jurisdiction ......................................... 2

Statement of Issues ................................................................................................ 3

Statement of Case ................................................................................................. 4

Summary of the Argument ...................................................................................... 7

Argument and Citations of Authority ...................................................................... 8

Conclusion ............................................................................................................. 13

Certificate of Compliance ....................................................................................... 13

Certificate of Service ............................................................................................. 14

USCA11 Case: 17-11009     Document: 161     Date Filed: 04/24/2019     Page: 8 of 24

## Table of Citations

*Hare v. Kennerly*, 3 So. 683 (Ala. 1888)..……...………………………………….8

USCA11 Case: 17-11009    Document: 161    Date Filed: 04/24/2019    Page: 9 of 24

## Statement of Subject Matter and Appellant Jurisdiction

(1) The district court has jurisdiction because the claims raised a federal question, *see* 28 U.S.C. § 1331;

(2) This Court has jurisdiction over the appeal from the district court's final judgment, *see* 28 U.S.C. § 1291.

## Statement of Issues

1. Whether the Plaintiffs have standing under article III of the U.S. Constitution?

2. Whether the Attorney of Alabama is a proper defendant under *Ex Parte Young,* 209 U.S. 123 (1908)?

3. Whether the Complaint states a claim of racial discrimination in violation of the Equal Protection Clause, that is plausible under the pleading standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Iqbal v. Ashcroft*, 556 U.S. 662 (2009)?

## Statement of Case

Many state governments have been unwilling to raise wages that accurately reflects the needs of their residents thus some local governments have taken steps to protect the health, safety and welfare of their residents. The City of Birmingham made such a move and adopted a local minimum wage ordinance that is reflective of the fact that the cost of living is usually not uniform within a state.

On August 18, 2015, the Birmingham City Council unanimously passed, with one abstention, Ordinance 15-124 that would raise the minimum wage for employees working in the city to $8.50 per hour as of July 1, 2016, and $10.10 per hour on July 1, 2017. Ordinance 16-28 moved the effective date of the minimum wage increase to February 24, 2016 and increased the minimum wage to $10.10.

In the 2016 regular session, prior to the Birmingham Ordinance taking effect, the Legislature enacted the Alabama Uniform Minimum Wage and Right-to-Work Act at issue in this lawsuit ("Act 2016-18" or "the Act"). *See* Ala. Act No. 2016-18, provisionally codified at Ala. Code §§ 25-7-40 *et seq*. The Alabama Legislature expressed its purpose of the Act was to "ensure that [labor] regulation and policy is applied uniformly throughout the state." Act No. 2016-18, § 6(a). The Act further establishes the Legislature's "complete control" over not only minimum wage policy, but also other issues such as "collective bargaining under federal labor laws,"

4

and "the wages, leave, or other employment benefits provided by an employer" to its employees.

After the Minimum Wage Act's passage, two low-wage workers and two public-interest groups sued Alabama's Governor and Attorney General claiming racial discrimination by the Alabama Legislature. *See* doc. 1 (original complaint).

When the original defendants moved to dismiss, the original plaintiffs, adding various other new plaintiffs, chose to amend their complaint. *See* doc. 18. The amended complaint dropped the Alabama Governor as a defendant but retained then-Alabama Attorney General Luther Strange, who was sued in his official capacity based on his general duties as Alabama's "chief legal officer". Doc. 18, ¶¶ 12-13. Joining the Alabama Attorney General as defendants were the State of Alabama, the City of Birmingham, and Birmingham Mayor William A. Bell, Sr. *See id.* ¶¶ 11, 16-17. The amended complaint named the State of Alabama as a defendant, but only for purposes of the Voting Rights Act claim. The City of Birmingham and Mayor Bell were purportedly sued "only for the purpose of providing complete relief" to the plaintiffs.

After briefing and oral argument, the District Court dismissed the amended complaint in its entirety. The District Court concluded that it lacked jurisdiction to proceed against the various defendants. The plaintiffs lacked Article III standing to

USCA11 Case: 17-11009    Document: 161    Date Filed: 04/24/2019    Page: 14 of 24

sue the Alabama Attorney General, the City of Birmingham and Mayor Bell, the Court held, because those defendants were not directly responsible for the plaintiffs' asserted injuries. *See* doc. 52 at 6–13.

The Court included Mayor Bell in this standing analysis even though it had already concluded that the claims against him in his official capacity were due to be dismissed as "entirely duplicative" of the claims against the City of Birmingham. *Id.* at 6. The Court held that the State is immune from that claim under principles of sovereign immunity and the Eleventh Amendment. *See id.* at 17–20. Thus, in the District Court's view, the amended complaint identified no appropriate defendant and was due to be dismissed in its entirety on that basis alone.  In addition, the District Court proceeded to briefly address the merits of the plaintiffs' claims and many of the claims failed on threshold legal grounds. The Court further concluded that the plaintiffs' other claims failed for lack of sufficient supporting factual allegations.

This appeal challenges the district court's pleading-stage dismissal of Plaintiffs' constitutional and federal statutory claims challenging the Alabama Uniform Minimum Wage and Right-to-Work Act, Ala. Act No. 2016-18.

## Summary of the Argument

This is a situation in which the City of Birmingham's ordinance became inoperative as a result of State's Act 2018-18.

Plaintiffs-Appellants indicated that Mayor Bell is a party because he has not acted to enforce Ordinance 16-281 because of Act 2016-18. Similarly, they have sued the City of Birmingham due to its non-enforcement of Ordinance 16-28 because of State's Act 2016-18. Recognizing these facts, Plaintiffs-Appellants state that City of Birmingham and Mayor Bell were made Defendants in this litigation "only" for purposes of the "relief" sought – i.e., to enforce its Ordinance No. 16-28 assuming the District Court would rule in the Plaintiffs-Appellants' favor.

The City of Birmingham did not play any role in enforcing the State's minimum-wage law at issue here. The City merely does not enforce its' own nullified Ordinance. The City of Birmingham and the Mayor Bell take a neutral position on the three (3) issues before the Court other than briefly addressing the Plaintiffs-Appellants' alleged claim of standing against the City.

## **Argument and Citations of Authority**

In Alabama, when it comes to matters of public policy, the state legislature reigns supreme. Municipalities exist as "mere creatures of the legislative power, established as political agencies for the more convenient administration of local government, with such powers . . . as the [legislature] may, from time to time, see fit to confer." *Hare v. Kennerly*, 3 So. 683, 684 (Ala. 1888) (citing *Meriwether v. Garrett*, 102 U.S. 472 (1880)). A municipality derive their powers from the State. Alabama municipalities are subject to a state version of the Supremacy Clause prohibiting them from "pass[ing] any laws inconsistent with the general laws of this state." Ala. Const. art. IV, § 89; *see also* Ala. Code § 11-45-1 (authorizing cities to "adopt ordinances" except as "inconsistent with the laws of the state").

At issue in this case is who has the authority to establish a minimum wage - State of Alabama or the City of Birmingham (and others). The Plaintiffs-Appellants appealed challenges the District Court's pleading-stage dismissal of Plaintiffs' constitutional and federal statutory claims challenging the State of Alabama Uniform Minimum Wage and Right-to-Work Act, Ala. Act No. 2016-18. Ala. Act No. 2016-18 was passed in response to Birmingham's adoption of Ordinance No. 16-28 raising the minimum wage for workers in the City of Birmingham. Plaintiffs-Appellants

assert that Act 2016-18 violates fundamental rights secured by the Equal Protection Clause of the Fourteenth Amendment.

On August 18, 2015, the Birmingham City Council unanimously passed, with one abstention, Ordinance 15-124 that would raise the minimum wage for employees working in the city to $8.50 per hour as of July 1, 2016, and $10.10 per hour on July 1, 2017. Ordinance 16-28 moved the effective date of the minimum wage increase to February 24, 2016 and increased the minimum wage to $10.10.

In the 2016 regular session, prior to the Birmingham Ordinance taking effect, the Legislature enacted the Alabama Uniform Minimum Wage and Right-to-Work Act at issue in this lawsuit ("Act 2016-18" or "the Act"). *See* Ala. Act No. 2016-18, *provisionally codified* at Ala. Code §§ 25-7-40 *et seq*. The Alabama Legislature expressed its purpose of the Act was to "ensure that [labor] regulation and policy is applied uniformly throughout the state." Act No. 2016-18, § 6(a). The Act further establishes the Legislature's "complete control" over not only minimum wage policy, but also other issues such as "collective bargaining under federal labor laws," and "the wages, leave, or other employment benefits provided by an employer" to its employees. Upon passage of the State's Act 2016-18, the City of Birmingham ceased any potential enforcement of its' Ordinance. The Ordinance has not been repealed but is simply ignored.

9

But for State's Act 2016-18, the City of Birmingham, other municipalities, other counties, or any other political subdivisions in the State of Alabama, would perhaps be enacting and enforcing their own minimum wage ordinances. Because Act 2016-18 bars the City of Birmingham, and other counties, municipalities, or any other political subdivisions, "not [to] enact or administer any ordinance ... requiring an employer to provide any employee ... any employment benefit, including ... wage[s] ... that is not required by state or federal law.", municipalities such as Birmingham have under state law authority, have no choice but to do so.

Briefly, on the standing issue, the Plaintiffs-Appellants, allege against the City of Birmingham the following:

> "As black voters, Plaintiffs-Appellants have standing to sue the City of Birmingham as well as the Alabama Attorney General. Their Equal Protection claims against the City are not constrained by their ability to obtain higher wages for the Lewis Plaintiffs. *Rather, as black voters, Plaintiffs-Appellants have standing to require the defendant City not to enforce the racially discriminatory statute and to enforce instead its ordinance the statute has overriden.*" (Plaintiffs-Appellants En Banc Brief, p. 32)

It is the City of Birmingham's right, not the Plaintiffs-Appellants right, to determine if it will challenge, initiate a civil action concerning State Act 2016-18 or enforce its own nullified ordinance regardless of if it allegedly violates the rights of Birmingham citizens.

10

Further, the City of Birmingham cannot and should not enforce its' own nullified law. The Court's Initial Panel stated:

"The City of Birmingham, on the other hand, is not a proper defendant for these claims. The plaintiffs allege that the city's failure to enforce its own minimum wage law sufficiently connects it to their injuries sustained under the Minimum Wage Act. *But the city's refusal to implement a nullified law does not make it the cause of the plaintiffs' injuries.* And besides, the attorney general has the authority to enforce the Minimum Wage Act against the City of Birmingham, whether it wills to resist state supremacy or not. Thus, ordering Birmingham to implement Ordinance No. 16-28 would only kick the (wrong) can down the road and leave the plaintiffs subject to the same allegedly discriminatory statute from which they seek relief. *The plaintiffs' injuries are not traceable to the City of Birmingham, which is powerless to redress them.*"

Finally, Plaintiffs-Appellants further contend that the City of Birmingham's actions in appropriately complying with state law under the terms of the State's Act 2016-18 the City of Birmingham effectively "enforces" it and therefore has "some connection with the enforcement of the provision at issue." The City of Birmingham nor the Birmingham Mayor play any role in enforcing the minimum-wage law at issue here. That law regulates the economic relationships of private parties; as such, it will be enforceable, if at all, in state court.

Nothing prohibits employers from paying the minimum wage set forth in the City's ordinance. The State's Act 2016-18 has decreed is that a municipality may not *require* a different minimum wage than that sanctioned by federal law. There is

11

no plausible allegation here that implicates the City of Birmingham with respect to any injury in fact suffered by Plaintiffs-Appellants. The Plaintiffs-Appellants simply lack standing against the City of Birmingham and Mayor Bell.

## Conclusion

The City of Birmingham and Mayor Williams A. Bell, Sr. take a neutral position on the three (3) legal issues before this Honorable Court. The Plaintiffs-Appellants lack standing against the City of Birmingham and Mayor Williams A. Bell, Sr. The City of Birmingham and Mayor Williams A. Bell, Sr. are only parties so that a Court can order full relief (if it is appropriate).

Respectfully submitted,

Fredric L. Fullerton, II
Assistant City Attorney

Kayla S. Lawrence
Assistant City Attorney

City Attorney's Office
City of Birmingham
710 N. 20TH Street, Room 600
Birmingham, Alabama 35203
(205) 254-2369/FAX 254-2502

## Certificate of Compliance

I hereby certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i), because this brief contains 3357 words, excluding the parts of the brief exempted by 11th Cir. R. 32-4.

/s/Fredric L. Fullerton, II
Fredric L. Fullerton, II, Assistant City Attorney

13

## Certificate of Service

I hereby certify that on April 24, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter. On that same date, I caused physical copies of the foregoing EN BANC BRIEF OF DEFENDANTS-APPELLEES CITY OF BIRMINGHAM and MAYOR WILLIAM A. BELL, SR. to be filed with the Clerk of Court and served upon the following counsel by U.S. First Class Mail:

Barbara J. Chisholm, Esq.
Eric P. Brown, Esq.
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
bchisholm@altber.com
ebrown@altber.com

James U. Blacksher, Esq.
P.O. Box 636
Birmingham, AL 35201
Telephone: (205) 591-7238
jblacksher@ns.sympatico.ca

Edward Still, Esq.
EDWARD STILL LAW FIRM LLC
429 Green Springs Hwy, Ste. 161-304
Birmingham, AL 35209
Telephone: (205) 320-2882
still@votelaw.com

14

U. W. Clemon, Esq.
5202 Mountain Ridge Pkwy
Birmingham, AL 35222
Telephone: (205) 837-2898
clemonu@bellsouth.net

Glen M. Connor, Esq.
George N. Davies, Esq.
Richard P. Rouco, Esq.
QUINN, CONNOR, WEAVER,
DAVIES & ROUCO LLP
2 – 20th Street North, Suite 930
Birmingham, AL 35203
Telephone: (205) 870-9989
gconnor@qcwdr.com
gdavies@qcwdr.com
rrouco@qcwdr.com

Joe R. Whatley, Jr., Esq.
2001 Park Place North
1000 Park Place Tower
Birmingham, AL 35203
Direct: (205) 488-1226
jwhatley@whatleykallas.com

Robert H. Stroup, Esq.
LEVY RATNER, P.C.
80 Eighth Avenue, 8th Floor
New York, NY 10011
Telephone: (212) 627-8100
rstroup@levyratner.com

Mary Joyce Carlson, Esq.
1100 New York Avenue, N.W.
Suite 500 West
Washington, DC 20005
Telephone: (202) 230-4096

15

carlsonmjj@yahoo.com

Andrew Brasher
James W. Davis
William Glenn Parker, Jr.
State of Alabama Attorney General's Office
501 Washington Ave
PO BOX 300152
Montgomery, AL 36130-0152

/s/Fredric L. Fullerton, II
Fredric L. Fullerton, II
Assistant City Attorney